UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN DOE

VERSUS

BOBBY JINDAL,
ET AL

CIVIL ACTION

NO. 11-554-BAJ-SCR

## RULING

This matter is before the Court on a Motion for a Temporary Restraining Order ("TRO") filed by plaintiff, John Doe, on August 15, 2010 (doc. 2). Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks to prevent defendants, Bobby Jindal, Governor of Louisiana, and James D. Caldwell, Attorney General of Louisiana, from applying or enforcing Louisiana Act No. 26, set forth at LSA—R.S. §14:91.5, also known as the Unlawful Use or Access of Social Media Law, pending a preliminary injunction hearing. Plaintiff asserts that the Act violates the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331.

## BACKGROUND

On June 14, 2011, Louisiana Governor Bobby Jindal signed into law LSA—R.S. §14:91.5, "Unlawful Use or Access of Social Media" (doc. 1, ¶ 8). The Act took effect on Monday, August 15, 2011 (doc. 1, ¶15). Pursuant to the statute, registered sex offenders who have been previously convicted of crimes involving minors or juveniles are prohibited from "[t]he using or accessing of

social networking websites, chat rooms, and peer-to-peer networks." LSA—R.S. §14:91.5(A)(1).

The Act, however, does not define "use" or "access," but does provide the following definitions:

> (1) "Chat room" means any Internet website through which users have the ability to communicate via text and which allows messages to be visible to all other users or to a designated segment of all other users.
> * * *
> (3) "Peer-to-peer network" means a connection of computer systems whereby files are shared directly between the systems on a network without the need of a central server.
> (4) "Social networking website" means an Internet website that has any of the following capabilities:
>> (a) Allows users to create web pages or profiles about themselves that are available to the general public or to any other users.
>> (b) Offers a mechanism for communication among users, such as a forum, chat room, electronic mail, or instant messaging.

LSA—R.S. §14:91.5(c)(1)-(4).

Plaintiff, a registered sex offender[1], describes himself as:

> a disabled veteran of the United States armed forces, a compliance officer and computer technician at a Louisiana company, an active member of his church, a board member of a local nonprofit that helps paroled prisoners transition to civilian life, a political blogger, a community volunteer and a Veterans Association member.

(Doc. 2-1, p. 1).

---

[1] According to the complaint, plaintiff, in 2002, was convicted of possessing child pornography under La. R.S. §14:81.1, a qualifying offense enumerated in the statute at issue (doc. 1, ¶5).

Plaintiff alleges that the statute not only bans affected registrants from Facebook and MySpace, but also "make[s] it a felony for registrants to browse the rest of the Internet" (doc. 1, ¶13). Plaintiff further alleges that, pursuant to the new law, he will no longer be allowed to legally access, *inter alia*: NOLA.com, CNN.com, FoxNews.com, ESPN, BBC or Reuters, NYTimes.com, Politico.com, Newsweek, The Economist, National Geographic, YouTube, Getagameplan.org (Louisiana's official hurricane preparedness website), Gmail, Yahoo, Hotmail, AOL, LinkedIn, Monster, USAJOBS.gov (the federal government's employment database), eBay, Zagat, Amazon, because they "offer a mechanism for communication among users" in the form of comments and content forwarding (doc. 1, ¶14(a); LSA—R.S. §14.91.5(C)(3)(b)).

Plaintiff asserts that, under the Act, will he will immediately suffer irreparable injuries in that: (1) his employment will be terminated as he will be unable to perform his jobs as a compliance officer and a computer repair technician; (2) he will have to shut down his online Veterans Association profile; (3) he will have to terminate his Gmail account, which will limit his ability to communicate with friends and family from the privacy of his own home; and (4) he will have to disable his blog, on which he regularly posts social and political commentary (doc. 1, ¶21).

Plaintiff, accordingly, filed the present motion for a temporary restraining order "restraining and enjoining Defendants and/or any of their agents,

3

representatives, or anyone acting on their behalf from applying or enforcing Louisiana Act No. 26, set forth as La. R.S. §14:91.5" (doc. 2, p. 1).

## LAW AND ANALYSIS

"Injunctive relief is an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson,* 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974)). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins. Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)).

However, jurisdiction "is a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002). A federal district court is a court of limited jurisdiction and can only exercise that jurisdiction which is statutorily conferred

upon it by Congress. *Margin v. Sea-Land Services, Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). As the Fifth Circuit has noted:

> Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a "case or controversy. This is a "bedrock requirement." *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). In this way, the power granted to federal courts under Article III "is not an unconditioned authority to determine the constitutionality of legislative or executive acts." *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
> In order to establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). First, they must show that they have suffered, or are about to suffer, an "injury in fact." Second, "there must be a causal connection between the injury and the conduct complained of." Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citation omitted). If any one of these three elements-injury, causation, and redressability- is absent, plaintiffs have no standing in federal court under Article III of the constitution to assert their claim.

*Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001).

Plaintiffs have named as defendants in this matter only the governor and the attorney general of the State of Louisiana. Though plaintiff asserts that the governor of Louisiana is "responsible" for the execution of LSA—R.S. §14:91.5 (doc. 1, ¶ 6), plaintiff has not directed the Court to any provision of Louisiana law that empowers the governor to provide the relief plaintiff seeks through the present motion. Plaintiff does argue that the attorney general of Louisiana "is

responsible for the enforcement of the laws of the State of Louisiana" (doc. 1, ¶ 7), however:

> Unlike district attorneys, [the attorney general of Louisiana] does not have original jurisdiction to prosecute criminal cases.[2] He may assist in a criminal prosecution "upon written request of a district attorney." La. Const. Art. 4, §8. Alternatively, he may institute, prosecute or intervene in a criminal case "for cause, when authorized by the court" having original jurisdiction. *Id.* Consequently, any involvement the Attorney General might have in prosecuting cases under the statute is indirect and remote.

*Entertainment Software Association, et al, v. Charles C. Foti, Jr., et al*, 451 F.Supp.2d 823, 828 (M.D.La. 2006).

For all of the foregoing reasons, the Court concludes that neither of the presently named defendants is vested with the power to deprive the plaintiff of the constitutional rights at issue. The defendants lack original jurisdiction over criminal prosecutions pursuant to LSA—R.S. §14:91.5, and also lack the authority to order those with such original jurisdiction not to exercise it. Thus, the Court finds that plaintiff has failed to satisfy the redressibility prong of the

---

[2] The Louisiana Constitution provides, in pertinent part, that:

> As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.

La. Const. Art. 4, §8.

standing analysis with regard to the relief he seeks through the motion for a temporary restraining order.[3]

## CONCLUSION

For all of the foregoing reasons, the motion by plaintiff, John Doe, for a temporary restraining order (doc. 2) is hereby **DENIED.**

Baton Rouge, Louisiana, August 19, 2011.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] The Court makes no conclusions, herein, regarding jurisdiction as to any other claim asserted in this matter.